Estate of Lillian D. Wald, Deceased, Hyman Schroeder and Julia Wald Cordley, Executors v. Commissioner.
Estate of Wald v. Commissioner
Docket No. 2583.
United States Tax Court
1944 Tax Ct. Memo LEXIS 149; 3 T.C.M. (CCH) 802; T.C.M. (RIA) 44257; August 5, 1944
*149 Mark Eisner, Esq., 20 Exchange Place, New York, N. Y., for the petitioners. Scott A. Dahlquist, Esq., for the respondent. SMITH Memorandum Opinion SMITH, Judge: This is a proceeding for the redetermination of a deficiency in estate tax in the amount of $4,905.69. The petition alleges that the respondent erred in the determination of the deficiency by disallowing the deduction from the gross estate of the amount of the residuary estate of the decedent as a gift to a charitable organization. The facts have been stipulated. [The Facts] Petitioners are the executors of the estate of Lillian D. Wald, who died testate on or about September 1, 1940. The estate tax return was filed with the collector of internal revenue for the second district of New York. Her will provided in part as follows: "NINTH: All the rest, residue and remainder of my estate, real and personal, I give to HENRY STREET SETTLEMENT, for its corporate uses and purposes. I request that of such proceeds, the sum of Five thousand ($5,000) dollars be set aside as a Headworker's fund for incidentals and emergencies not provided in the budget, the income thereof to be in the discretionary use of the Headworker of the *150 Settlement. It is my wish that the balance and remainder thereof be made into a fund, the principal and interest of which may be used in creating annuities or making such other provision that may be found desirable in order to provide for the old age or permanent disability of workers in all branches of the service of the Settlement, whose periods of service shall in the judgment of the Board justify such action." It is stipulated that: "The said Henry Street Settlement was at the date of the decedent's death and still is, an organization organized and operated exclusively for charitable, literary and educational purposes, no part of the net earnings of which inures to the benefit of any private stockholder or individual and no substantial part of the activities of which is carrying on propaganda or otherwise attempting to influence legislation." The minutes of a meeting of the board of directors of Henry Street Settlement of March 25, 1942, provide: "It was decided that this [the residuary estate of Lillian D. Wald] be turned over to Henry Street and kept in a separate fund for the purposes stated in the will." In his determination of the deficiency the respondent allowed the *151 deduction of the $5,000 mentioned in paragraph Ninth of the decedent's will but denied the deduction of the balance upon the grounds stated in the deficiency notice "that it is not limited to charitable uses and purposes within the meaning of Section 812 (d) of the Internal Revenue Code." That provision of the Code permits the deduction from gross income of: "* * * all bequests, legacies, devises, or transfers * * * to or for the use of any corporation organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, * * * no part of the net earnings of which inures to the benefit of any private stockholder or individual, and no substantial part of the activities of which is carrying on propaganda, or otherwise attempting, to influence legislation, * * *" The respondent contends on brief that the decedent's bequest to the Henry Street Settlement was made to it only as a trustee and not for exclusively charitable purposes. He submits that "The workers in all branches of a settlement house can not be deemed a class generally regarded as the recipients of charity. * * * It can not well be argued that providing for the retirement of secretaries *152 or executives or janitors constitutes promotion of the public welfare." We think it too plain for argument that a gift to a charity with a direction that the income only is to be used for some purpose connected with this work is a gift to a charitable institution to the same extent as though there were no directions as to how the bequest could be used by the charity. It very frequently happens that a gift to a charitable institution is made with the provision that only the income shall be used in connection with certain work of the charity. We think that a gift to a charity with the provision that only its income should be used for the payment of the salaries of the employees is just as much a gift to charity as though made to the charity to be used for any charitable purpose within its discretion. We think that a gift to provide pensions or annuities for charitable workers is in the same category with a gift to charity for the payment of salaries. In Estate of Carolyn E. Gray, 2 T.C. 97, we held that bequests to the Presbyterian Hospital in the City of New York, which were to be added to, or used to create a fund, the net income of which was to be *153 used to provide special nurses and special nursing care for graduate nurses who were patients of the hospital, were deductions from gross income. That case is dispositive of the present one. The estate of the decedent is entitled to the deduction from the gross estate of the entire residuary estate. Decision will be entered under Rule 50.